RAYMOND H. WILEY, Appellant, v. MARTHA BALLARD WILEY, Appellee.

**DIVORCE:** Grounds—Pregnancy at Time of Marriage. A husband who marries his wife in the belief that he is the father of her unborn child is entitled to a divorce upon discovery of his mistake, he having no illegitimate children living at the time of said marriage. (Sec. 10476, Code of 1924.)

Headnote 1: 19 `C. J. p. 38 (Anno.)

Headnote 1: 18 L. R. A. 375; L. R. A. 1916E, 650; 13 A. L. R. 1435; 9 R. C. L. 298.

*Appeal from Poweshiek District Court.*—CHARLES A. DEWEY, Judge.

OCTOBER 18, 1927.

Action for a divorce. Plaintiff's petition was dismissed, and he appeals.—*Reversed.*

*Thomas J. Bray,* for appellant.

ALBERT, J.—Plaintiff and his wife began keeping company on April 25, 1925. Later, the girl informed plaintiff that she was pregnant, and he married her on September 28, 1925. The evidence in the case shows that she gave birth to a child on January 7, 1926, and it is plaintiff's claim that he is not the father of this child, hence this action for a divorce.

The defendant, Martha Ballard Wiley, although having been duly served with notice, defaulted, and the case was submitted on the testimony introduced in behalf of the plaintiff alone. He testifies that, shortly after the marriage, he discovered that the child was not his, although he believed her statements previously made to him that he was the father of the child, and knew nothing to the contrary. He further states that he would not have married her, but for said representations; that, at the time of the marriage, he had no illegitimate child or children living; and that, upon the discovery that the

unborn child was not his, he ceased to live with her, and gives as his reason therefor, among others:

"I asked her about the child, and she wouldn't tell me anything, only it wouldn't do me any good now; it is too late; that I couldn't get any divorce, and it was too late for me to do anything now."

The fact that they commenced keeping company with each other about the 25th of April is not only testified to by the plaintiff, but he has corroborating witnesses thereon. The physician who attended the defendant during her accouchement testified that the baby was born on January 7, 1926, and was a "full-time" baby. He further testified that the period of gestation is 280 days. Under this showing, the plaintiff says that the district court erred in refusing him a divorce.

Section 10475, Code of 1924, provides various grounds for a divorce against a husband. Section 10476 reads as follows:

"The husband may obtain a divorce from the wife for like cause, and also when the wife at the time of the marriage was pregnant by another than the husband, of which he had no knowledge, unless such husband had an illegitimate child or children then living, which at the time of the marriage was unknown to the wife."

The evidence in the case quite fairly shows a condition from which it would necessarily follow that the appellant was not the father of the child in question. From the date of their first companionship, on April 25, 1925, to January 7, 1926, the day on which the child was born, is 257 days. The attending physician testified that it was a "full-time" baby, and that the period of gestation is 280 days. It must, therefore, follow, as a logical conclusion, that the plaintiff was not the father of this child. There was sufficient corroboration in the record, and we see no reason why the plaintiff was not entitled to a divorce. He has made the showing required by statute to entitle him thereto, and he should have one. It is so ordered.—*Reversed.*

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.